IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN KISE, on behalf of himself and all other similarly situated individuals, : : | Case No.: |
| Plaintiffs, : : | |
| v. : : | Judge: |
| THOMAS EXCAVATING, LLC, : : | |
| -&- : : | **JURY DEMANDED** |
| MOLLY L. JAMES, : : | |
| Defendants. : | |

---

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Ryan Kise ("Plaintiff"), on behalf of himself and all current and former non-exempt CDL Drivers who did not make interstate trips in Defendants' regular course of business and could not reasonably have been expected by Defendants to make an interstate journey in the regular course of business (hereinafter "Plaintiff and the Putative Class Members") who worked for Thomas Excavating, LLC ("Defendant LLC") and Molly L. James ("Defendant James") (collectively, "Defendants") at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 203, 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Plaintiff and the Putative Class Members seek all available individual relief under the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111 et seq., (the "Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and O.R.C. § 2307.60.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his additional state-law claims are asserted as a class action under Fed. R. Civ. P. 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**I.  INTRODUCTION**

1. Plaintiff and the Putative Class Members seek to recover unpaid overtime wages and liquidated damages that Defendants owe to them and have failed to pay, in violation of 29 U.S.C. § 207 of the FLSA and the Ohio Acts.

2. Accordingly, Plaintiff brings this action, on behalf of himself and all current and former non-exempt CDL Drivers who did not make interstate trips in Defendants' regular course of business and could not reasonably have been expected by Defendants to make an interstate journey in the regular course of business who worked for Defendants at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, to recover unpaid overtime wages and related damages.

3. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

4. Plaintiff also prays that the Collective Action is certified pursuant to Section 216(b) of the FLSA and individually as to the Ohio claims.

**II.  JURISDICTION AND VENUE**

5. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's and the Putative Class Members' Ohio Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to

Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

7. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' principal place of business is within Delaware County, Ohio.

### III. THE PARTIES

8. Plaintiff Ryan Kise is an adult resident of Howard, Ohio residing at 224 Green Valley Drive, Howard, Ohio 43028 (Knox County) and a former CDL Driver while employed by Defendants. Plaintiff Kise has given his written consent to bring this action to collect unpaid wages under the FLSA and the Ohio Wage Acts. Plaintiff Kise's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

9. The Putative Class Members are those current and former employees employed by Defendants as CDL Drivers who did not make interstate trips in Defendants' regular course of business and could not reasonably have been expected by Defendants to make an interstate journey in the regular course of business at any time within the period of three (3) years preceding the commencement of this action through the date of judgment and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

10. Defendant Thomas Excavating, LLC ("Defendant LLC") is a domestic limited liability company registered in the State of Ohio and is currently headquartered at 14281 State Route 37 E., Sunbury, OH 43074 (Delaware County). Process may be served upon its registered agent, J Mark Thomas, at 14281 State Route 37 E., Sunbury, OH 43074.

11. Defendant Molly L. James is, upon information and belief, the owner of Defendant LLC and is an adult individual residing at 427 Baywood Place, Gahanna, OH 43230 (Franklin County). Process may be served upon her at her listed residential address.

IV.    **STATEMENT OF FACTS**

12.    During all times material to this complaint, Defendants acted directly or indirectly, in the interest of an employer with respect to the Plaintiff and the Putative Class Members.

13.    During all times material to this complaint, Defendants were joint "employers" within the meaning of the FLSA, the Ohio Constitution and the Ohio Acts.

14.    During all times material to this complaint, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

15.    During all times material to this complaint, Plaintiff and the Putative Class Members have been Defendants' employees pursuant to the Ohio Constitution and the Ohio Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16.    On approximately July 29, 2021, Defendants hired Plaintiff to work as a CDL Driver.

17.    However, in Plaintiff's capacity as a CDL Driver for Defendants, Plaintiff did not make interstate trips in the regular course of business and could not have reasonably been expected by Defendants to make an interstate journey in the regular course of business.

18.    As a CDL Driver, Plaintiff's and the Putative Class Members' primary job duties consisted of operating and maintaining Defendants' dump trucks to transport gravel and other excavation materials between different intrastate locations.

19. To begin their workday, Plaintiff and the Putative Class Members would arrive to Defendants' headquarters, located at 14281 State Route 37 E., Sunbury, Ohio 43074, and punch in their time cards to Defendants' timekeeping system.

20. Defendants' timekeeping system was maintained by Defendant James, who kept the records and ultimately ensured that payroll would go out in a timely fashion.

21. Plaintiff and the Putative Class Members would then check their job assignments for the day, which would be assigned by the owner of Defendant LLC, Defendant James.

22. Plaintiff and the Putative Class Members did have supervisors for the "trucking department" and a general manager who also communicated to them their job assignments, however the job assignments were ultimately determined by Defendant James and then distributed to Defendants' employees.

23. Plaintiff and the Putative Class Members would then locate their dump truck, do a visual inspection of the truck to ensure its suitability for the day's work, and start the truck.

24. Plaintiff and the Putative Class Members would then drive Defendants' dump trucks to various intrastate locations and transport gravel and other excavation materials between the intrastate locations.

25. Plaintiff and the Putative Class Members were never fully relieved of their job duties for a period of thirty (30) minutes or more during any respective workday as the job duties and traveling-nature of Plaintiff's and the Putative Class Members' work required them to consistently work throughout the workday.

26. However, it was Defendants' business practices to automatically deduct thirty (30) minutes out of Plaintiff's and the Putative Class Members' time-worked for each workday to account for an unpaid lunch break, even though Defendants were aware that Plaintiff and the Putative Class Members would not take a thirty (30) minute break during the workday wherein they would be fully relieved of their job duties.

27. Plaintiff and the Putative Class Members regularly worked forty (40) to fifty (50) hours during each workweek during their employment with Defendants.

28. The effect of Defendants' automatic deduction of thirty (30) minutes per day in their timekeeping system from Plaintiff's and the Putative Class Members' hours worked resulted in Plaintiff and the Putative Class Members being deprived of duly earned overtime pay.

29. Upon information and belief, Plaintiff and the Putative Class Members brought up the illegal nature of Defendants' pay practice of automatically deducting thirty (30) minutes per day from Plaintiff and the Putative Class Members' hours worked, but Defendants refused to compensate Plaintiff and the Putative Class Members for this time worked. Upon information and belief, Defendant James even responded to Plaintiff and the Putative Class Members' complaints with the assertions that this practice was correct under the law.

30. However, Plaintiff and the Putative Class Members were still paid overtime for the hours Defendants did not deduct that exceeded forty (40) in a workweek.

31. The economic reality of Plaintiff's and the Putative Class Members' relationship to Defendants is that they are actually employees of Defendants.

32. The work of Plaintiff and the Putative Class Members falls squarely within Defendants' usual course of business.

33. Plaintiff and the Putative Class Members are not engaged in independently established trades, occupations, professions, or businesses. Rather, Plaintiff and the Putative Class Members rely upon Defendants to obtain work assignments.

34. Defendants also jointly control the work performed by Plaintiff and the Putative Class Members by assigning job assignments and work schedules, hiring or firing individuals employed in Plaintiff and the Putative Class Members' position, determining Plaintiff and the Putative Class Members' rate and method of payment, and maintaining joint control over Plaintiff's and the Putative Class Members' employment records.

35. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not applicable to Plaintiff and the Putative Class Members, includes "all remuneration for employment paid to, or on behalf of, the employee." 29 C.F.R. § 778.108.

36. At no time during Plaintiff's and the Putative Class Members' time spent working for Defendants were Plaintiff and the Putative Class Members compensated at one-and-one-half times their regular rate of pay for *all* hours worked over forty (40) in a workweek.

37. On September 6, 2022, Plaintiff Kise was terminated by Defendant James.

38. On November 14, 2022, Plaintiff's counsel sent to Defendants—via certified mail—a wage request letter on behalf of Plaintiff Kise requesting Mr. Kise's pay records accrued during his employment with Defendants pursuant to O.R.C. § 4111.14(G). This letter was accompanied by a payroll and personnel records release form signed by Mr. Kise. The letter was delivered to and received by Defendants on November 17, 2022. However, to date, Plaintiff has received no response to his request.

39. Defendant, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtimes wages with respect to the Plaintiff and the Putative Class Members in this action.

### V. COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

40. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

41. The FLSA Collective is defined as:

**All CDL Drivers who have been employed by Thomas Excavating, LLC and Molly L. James at any time within the period of three (3) years preceding the commencement of this action through the date of judgment, who worked thirty-eight (38) hours in at least one workweek. ("FLSA Collective" or "FLSA Collective Members").**

42. Plaintiff reserves the right to amend and refine the definition of the class he seeks to represent based upon further investigation and discovery.

43. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

44. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

45. During the respective periods of Plaintiff's and the FLSA Collective Members' employment by Defendants, these individuals assisted Defendants' site clearing services without making interstate journeys.

46. Plaintiff's and the FLSA Collective Members' transport gravel and other excavation materials from job sites in Ohio to another location within the State of Ohio.

47. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt employees of Defendants within the meaning of the FLSA and the Ohio Acts.

48. Indeed, Plaintiff and the FLSA Collective Members—per their primary job duties and assignments for Defendants—transport gravel and other excavation materials by motor vehicle between places within Ohio as movement from points out of Ohio has ended or movements to points out of Ohio has not yet begun. 29 C.F.R. § 782.7(c).

49. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined above.

50. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

51. Collective action treatment of Plaintiff's and the FLSA Collective Members' claims is appropriate because Plaintiff and the FLSA Collective Members have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of the statutory overtime wages.

52. Further, Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Putative FLSA Collective Members, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

53. The Plaintiff and the FLSA Collective Members have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

54. Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

55. Plaintiff intends to send notice to all the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendant's records.

## VI.  CAUSES OF ACTION

### COUNT I
### FAIR LABOR STANDARDS ACT ("FLSA")
### FAILURE TO PAY OVERTIME WAGES

56. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

57. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were and are the joint employers of Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(d).

58. During the time period from approximately three (3) years preceding the commencement of this action to the present, Plaintiff and the FLSA Collective Members were jointly employed by Defendants within the meaning of 29 U.S.C. § 203(e)(1).

59. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants jointly employed Plaintiff and the FLSA Collective Members within the meaning of 29 U.S.C. § 203(g).

60. During the time period from approximately three (3) years preceding the commencement of this action to the present, Defendants were joint employers subject to the FLSA.

61. During all times material to this Complaint, Plaintiff and the FLSA Collective Members have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

62. Defendants, as described above, violated the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff and the FLSA Collective Members at the appropriate overtime rate for all hours worked in excess of forty (40) per workweek.

63. Plaintiff and the FLSA Collective Members should have been paid the correct overtime rate for all hours worked in excess of forty hours per workweek during the three years from the filing date of the Complaint.

64. At all times material to this Complaint, Defendants jointly employed Plaintiff and the FLSA Collective Members to work as CDL Drivers who only traveled and transported property intrastate.

65. At all times material to this Complaint, Defendants regularly employed Plaintiff and the FLSA Collective Members to work more than forty (40) hours in a workweek.

66. At all times material to this Complaint, Plaintiff and the FLSA Collective Members did not receive one and one-half times their regular rate for all hours they worked beyond forty (40) in a workweek as compensation at an hourly rate for all hours worked.

67. At all times material to this Complaint, Defendants violated the FLSA by repeatedly failing to pay Plaintiff and the FLSA Collective Members the legally mandated overtime premium rate at no less than one and one-half Plaintiff's and the FLSA Collective Members' regular pay rate for all hours worked in excess of forty (40) in a workweek.

68. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

69. Defendants willfully violated and continue to willfully violate the FLSA, by having engaged and continuing to engage in conduct, which demonstrates a willful and/or reckless disregard for the provisions of the FLSA.

**COUNT II
OHIO WAGE ACT
FAILURE TO PAY OVERTIME WAGES**

70. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

71. The Ohio Wage Act provides that covered employees shall be compensated for every hour worked in one workweek. *See* O.R.C. §§ 4111, *et seq*.; *see also* 29 U.S.C. § 206(b).

72. The Ohio Wage Act provides that employees shall receive overtime compensation at a rate "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in one workweek, "in the manner and methods provided in and

-- 11 --

subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

73. At all times relevant to this Complaint, Defendants were joint "employers" covered by the Ohio Wage Act and thus have been required to comply with its mandates.

74. At all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members were covered "employees" of Defendants pursuant to the Ohio Wage Act and thus entitled to the Ohio Wage Act's protections.

75. At all times relevant to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked at the appropriate pay rate, including Defendants' repeated action of refusing to compensate Plaintiff and the Ohio Acts Class Members for all hours worked over forty (40) hours in a workweek at a rate not less than one and one-half times their regular rate.

76. Indeed, at all times relevant to this Complaint, Plaintiff and the Ohio Acts Class Members did not receive one and one-half times their regular rate for all hours they worked in excess of forty (40) in a workweek.

77. At all times relevant to this Complaint, Defendants violated the Ohio Wage Act by repeatedly failing to pay Plaintiff and the Ohio Acts Class Members the legally mandated overtime premium at a rate no less than one and one-half Plaintiff's and the Ohio Acts Class Members' regular pay rate for all hours worked in excess of forty (40) in one workweek.

78. Plaintiff and the Ohio Acts Class Members are not exempt from the wage protections of Ohio Law. During relevant times, Plaintiff and the Ohio Acts Class Members were not exempt from receiving overtime because they were not "executive," "administrative," "professional," "outside sales," or "computer" employees, as those terms are defined under the FLSA. *See* O.R.C. § 4111.03(A); *see also* C.F.R. §§ 541 *et seq*.

79. In violating the Ohio Wage Act, Defendants' acts and omissions have been of a willful, intentional, and bad faith nature or otherwise in reckless disregard of the Ohio Wage Act.

80. Plaintiff and the Ohio Acts Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendants' violations of O.R.C. § 4111.03, by which the Plaintiff and the Putative Class Members have suffered and continue to suffer damages.

**COUNT III**
**OHIO PROMPT PAY ACT-**
**FAILURE TO PROMPTLY PAY WAGES**

81. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

82. At all times relevant to this Complaint, Defendants were Plaintiff's and the Ohio Acts Class Members' joint "employers" and were required to comply with the Ohio Prompt Pay Act's provisions. *See* O.R.C. § 4113.15.

83. The OPPA provides that employers shall pay covered employees all wages, including overtime, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month. *See* O.R.C. § 4113.15(A).

84. At all times material to this Complaint, Defendants have refused to pay Plaintiff and the Ohio Acts Class Members all owed overtime wages at one and one-half (1 ½) times their normal hourly rate and all wages at the statutorily mandate minimum wage rate, within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

85. Plaintiff and the Ohio Acts Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

86. Defendants' violations of the OPPA have been of a willful, intentional, or bad faith nature or Defendants have otherwise exhibited a reckless disregard of the OPPA's provisions.

## COUNT IV
## CIVIL PENALTIES FOR CRIMINAL ACTS
## O.R.C. § 2307.60

87. Plaintiff re-alleges, and incorporate by reference, the allegations set forth in the preceding paragraphs.

88. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

89. By its acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the FLSA Collective members have been injured as a result.

90. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

91. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT V
## VIOLATIONS OF O.R.C. § 4111.14(G)
## FAILURE TO PROVIDE RECORDS AS TO WAGES AND HOURS WORKED

92. Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

93. O.R.C. § 4111.14(G) requires employers to provide, at no charge, information at the request of an employee or person acting on behalf of an employee information including name, address, occupation, pay rate, hours worked for each day worked, and each amount paid for the specific employee making such a request.

94. On November 14, 2022, Plaintiff Kise requested such records through his attorneys.

95. The request was delivered to and received by Defendants on November 17, 2022.

96. Pursuant to the records request, a response to Plaintiff's request was due on or about January 3, 2023.

-- 14 --

97. To date, Defendants have not provided records pursuant to the request under O.R.C. § 4111.14(G).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A. For an Order certifying the FLSA Collective as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. Designating Plaintiff as representative for the Collective and designating Plaintiff's counsel as counsel for the Collective;

C. Issuing proper notice to the class at Defendants' expense;

D. Expectation and damages for all missed payments taken from or applied to Plaintiff's and the Putative Class Members' pay;

E. An order awarding Plaintiff, the FLSA Collective Members back pay equal to the amount of all unpaid overtime pay for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages;

F. An order awarding Plaintiff and the Putative Class Members back pay equal to the amount of all unpaid minimum wages and treble damages

G. Pursuant to O.R.C. § 4111.14(J), an order awarding an amount set by the court sufficient to compensate Plaintiff and the Ohio Class Members and deter future violations by the Defendants of the Ohio Wage Act, but not less than one hundred fifty dollars for each day that the violation continued;

H. Awarding Plaintiff and the Ohio Class Members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

I. An order enjoining Defendants from retaliating, via discrimination, against Plaintiff and the FLSA Collective Members for their engaging in the protected action of complaining about pay practices;

J. Compensatory and punitive damages under O.R.C. § 2307.60;

K. Pre-judgment and post-judgment interest;

L. An Order against Defendants pursuant to O.R.C. § 4111.14 for failure to produce records upon request;

M. An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

N. Any other relief to which the Plaintiff and the FLSA Collective Members may be entitled.

Dated: January 13, 2023

Respectfully Submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
Jacob A. Mikalov (OH Bar No. 0102121)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com
jmikalov@barkanmeizlish.com

*Counsel for Plaintiff and the Putative Class and Collective Members*

## JURY DEMAND

Plaintiff requests a trial by jury on all of his claims.

*/s/Robert E. DeRose*
Robert E. DeRose