IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RYAN KISE,**

    **Plaintiff,**

    v.

**THOMAS EXCAVATING, LLC,** *et al.***,**

    **Defendants.**

Civil Action 2:23-cv-163
Magistrate Judge Elizabeth P. Deavers

**ORDER**

With the consent of the parties (ECF No. 14), 28 U.S.C. § 636(c), this matter is before the Court for consideration of the Joint Motion for Approval of Settlement (ECF No. 18). For the following reasons, this Court **GRANTS WITH MODIFICATIONS** the Joint Motion for Approval of Settlement, and the case is **DISMISSED WITH PREJUDICE**. This Court will retain jurisdiction over the settlement agreement.

**I. BACKGROUND**

Plaintiff Ryan Kise, on behalf of himself and all other persons similarly situated, initiated this lawsuit on January 13, 2023 by filing a Collective Action Complaint against Defendants Thomas Excavating, LLC and Molly L. James. (ECF No. 1.) Plaintiff, a former CDL driver for Defendants, alleged various wage and hour violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code. §§ 4111 *et seq.*, Ohio Revised Code § 4113.15, and Ohio Revised Code § 2307.60. (*Id.*)

Specifically, Plaintiff alleged that "it was Defendants' business practices to automatically deduct thirty (30) minutes out of Plaintiff's and the Putative Class Members' time-worked for

each workday to account for an unpaid lunch break, even though Defendants were aware that Plaintiff and the Putative Class Members would not take a thirty (30) minute break during the workday wherein they would be fully relieved of their job duties." (ECF No. 1 at PAGEID # 5, ¶ 26.) Plaintiff alleged that "Plaintiff and the Putative Class Members regularly worked forty (40) to fifty (50) hours during each workweek during their employment with Defendants," so "[t]he effect of Defendants' automatic deduction of thirty (30) minutes per day in their timekeeping system from Plaintiff's and the Putative Class Members' hours worked resulted in Plaintiff and the Putative Class Members being deprived of duly earned overtime pay." (*Id.* at PAGEID # 6, ¶¶ 27-28.) On April 6, 2023, Plaintiff filed a First Amended Complaint, removing his class and collective action claims and pursuing only his individual claims. (ECF No. 17.)

On May 11, 2023, the parties filed the subject Motion, seeking an Order granting final approval of the parties' Settlement and Release Agreement (the "Settlement Agreement") as fair, reasonable, and adequate, and dismissing the action with prejudice with each party to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement. (ECF No. 18.) The matter is thus ripe for judicial review.

## II. LAW & ANALYSIS

This Court has reviewed the Joint Motion for Approval of Settlement, ECF No. 18, and the subject Settlement Agreement, ECF No. 18-1, and approves the proposed Settlement Agreement, with modifications, for the following reasons.

A. **Reasonableness of the Settlement Agreement**

Before approving a settlement agreement, this Court must determine if the settlement is "fair, adequate, and reasonable, as well as consistent with the public interest." *Bailey v. Great Lakes Canning, Inc.*, 908 F. 2d 38, 42 (6th Cir. 1990) (citing *U.S. v. Jones & Laughlin Steel*

*Corp.*, 804 F.2d 348, 351 (6th Cir. 1986); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).  To do so, the Court balances several factors: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest in the settlement.  *Vigna v. Emery Fed. Credit Union*, No. 1:15-CV-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (internal citations omitted).  The Court "enjoys wide discretion in assessing the weight and applicability of these factors."  *Zilinsky v. LeafFilter N., LLC*, No. 2:20-CV-6229, 2023 WL 2696554, at *4 (S.D. Ohio Mar. 29, 2023) (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992)).

Here, the parties contend that these factors weigh in favor of the Court approving this Settlement Agreement.  (ECF No. 18 at PAGEID ## 112-116.)  The Court agrees that the balance of these factors weighs in favor of approval and will discuss each factor in turn.

### 1. *Risk of Fraud or Collusion*

Courts presume the absence of fraud or collusion in settlement negotiations in instances where no evidence to the contrary is offered.  *In re Telectronics Pacing Systems Inc.*, 137 F. Supp. 2d 985, 1016 (S.D. Ohio 2001).  Here, the parties contend that this Settlement Agreement "was reached after an extended period of engaging in arms' length negotiations."  (ECF No. 18 at PAGEID # 113.)

The Court disagrees with this contention, however, as the parties first reported a settlement on April 5, 2023 – not even three months after Plaintiff filed the action, only seventy-six (76) days after Plaintiff effectuated service, and only thirty-five (35) days after Defendants filed their Answer.  (ECF No. 15 ("Plaintiff and Defendants have recently reached a settlement

3

agreement for which they will seek Court approval . . . .").)  While the parties highlight that "no opt-in Plaintiffs had joined the case" during this period, the Court cannot agree that there is *no* risk of fraud or collusion given the uncharacteristically quick timeline of this case.  The Court finds that such risk is extremely low, however, so this factor favors approval of the Settlement Agreement.

  2.  ***Complexity, Expense, and Likely Duration of Litigation***

For the second factor, the parties submit a buffet of boilerplate language which is applicable to nearly any settlement in any litigation, including the following:

- "[T]he parties disagree about the merits of Plaintiff's claims, the viability of Defendants' defenses, and the scope and amount of any potential recovery if liability were found to exist";

- "If the litigation had continued, the Parties would have faced obstacles and uncertainties, including the outcome of complex discovery disputes, a potential for summary judgment, and potentially a trial on the merits"; and

- "With the Parties' settlement, Plaintiff will receive concrete relief, while Defendants will avoid the continued expense of litigation and the relative piece-of-mind guaranteed by Plaintiff's release of claims."

(ECF No. 18 at PAGEID ## 113-114.)  These empty arguments are unpersuasive, however, as they fail to tell the Court anything about the complexity, expense, or likely duration of *this* case.  Instead, the parties' only case-specific argument relevant to this factor is that "the remaining duration of this case would be significant."  (*Id.*)  The Court agrees with this statement.

To be clear, this Court is tasked with evaluating the proposed Settlement Agreement for fairness, and it "must not simply rubber-stamp [the Settlement Agreement] as approved."

4

*Murrell v. Transamerica Agency Network, Inc.*, No. 2:20-CV-2559, 2021 WL 128609, at *1 (S.D. Ohio Jan. 14, 2021) (quoting *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-CV-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015)). The parties' barebone briefing suggests that perhaps they misapprehend the Court's role in this regard.[1]

Nevertheless, because the Court agrees that "the remaining duration of this case would be significant," particularly if had proceeded as a class, the Court finds that the second factor also favors approval of the Settlement Agreement.

### 3. Amount of Discovery Completed

To ensure the "Plaintiff has had access to sufficient information to evaluate [their] case and to assess the adequacy of the proposed Settlement[], the Court must consider the amount of discovery engaged in by the parties." *Carr v. Guardian Healthcare Holdings, Inc.*, No. 2:20-cv-6292, 2022 WL 501206, at *5 (S.D. Ohio Jan. 19, 2022) (internal quotation marks and citations omitted). "In considering whether there has been sufficient discovery to permit the plaintiffs to make an informed evaluation of the merits of a possible settlement, the court should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Id.* (internal citations omitted). In this consideration, "the absence of formal discovery is not unusual or problematic, so long as the parties and the court have adequate information in order to evaluate the relative positions of the parties." *Id.*

---

[1] Further indicating that the parties may have expected the Court to "rubber stamp" the subject Settlement Agreement are the facts that: (1) according to Plaintiff's counsel's billing records, the parties only consented to the Presiding Magistrate Judge's authority *after* having reached a settlement, and (2) the parties' counsel repeatedly contacted the Court's Chambers to (not-so-subtly) suggest that the subject Motion could be ruled upon without further delay. Counsel is **ADVISED** that such contact reflects poorly not only on counsel but also on the parties they represent.

Here, the parties concede that they did not engage in any formal discovery, which is not surprising to the Court given that the parties reported a settlement only five weeks after Defendants filed their Answer. (ECF No. 18 at PAGEID # 114.) Instead, the parties submit that they "engaged in informal discovery, including through the Parties' recounting of events, which have provided the Parties with more than adequate information in order to evaluate the relative positions of the parties." (*Id.* (internal quotation marks and citation omitted).) Once again, however, such a generic summary leaves the Court guessing as to exactly *what* information was exchanged, or how it sufficiently allowed the parties to evaluate *this* case and assess the adequacy of *this* Settlement Agreement.[2] Without this understanding, and without any reassurance that the information on which the parties evaluated this case was reliable, the Court finds that this factor weighs slightly against approval.

4. ***Likelihood of Success on the Merits***

A plaintiff's probability of success on the merits is the "most important factor" for a court to consider in approving a wage and hour class/collective action settlement. *See Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *6 (S.D. Ohio May 30, 2012) (citing *In re General Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984). If the Plaintiff's likelihood of success on the merits is low, "the more desirable a favorable settlement appears." *Id.* (internal citations omitted).

Here, Plaintiff asserted that Defendants committed various types of overtime and wage violations under both Federal and Ohio laws. (*See* ECF No. 17.) Each of these claims, however,

---

[2] While formal discovery is not required, it appears to the Court that in this instance the parties likely could have benefitted by taking advantage of the safeguards provided by the Federal Rules of Civil Procedure, if for no other reason than to guarantee that the information they used to evaluate the case – whatever that information was – was reliable.

6

faces stringent opposition by Defendants which presents a substantial barrier to Plaintiff's success on the merits. Specifically, Plaintiff and Defendants disagree over (i) whether Plaintiff was exempt from receiving overtime compensation at all, and (ii) whether Plaintiff was appropriately compensated by Defendant Thomas Excavating. (ECF No. 18 at PAGEID ## 114-115.) Given these serious disputes, which could impact the value of Plaintiff's claims by thousands of dollars, there are several substantial barriers to Plaintiffs' success on the merits. Weighing these uncertainties against the certainty and finality of a settlement that would also eliminate further expense and delay, this factor counsels in favor of approving the settlement agreement. Finally, the amount of recovery provided in the Settlement Agreement, combined with the uncertainty of any recovery if litigation proceeded, demonstrates the value of the proposed settlement outweighs the likelihood of success on the merits. Accordingly, this factor weighs in favor of approving the Settlement Agreement.

     5.     ***Judgment of Experienced Counsel***

Plaintiff's counsel submits that, based on their knowledge of the case and applicable law, as well as their experience in "numerous similar wage and hour lawsuits throughout the United States . . . the Settlement constitutes a fair and reasonable result for all Parties." (ECF No. 18 at PAGEID # 115.) "The recommendation of [] [c]ounsel, skilled in class actions and corporate matters, that the Court should approve the [s]ettlement is entitled to deference." *Wright v. Premier Courier, Inc.*, Nos. 2:16-cv-420, 2:17-cv-654, 2018 WL 3966253 at *5 (S.D. Ohio Aug. 17, 2018) (citing *Williams*, 720 F.2d at 922–23; *Kritzer*, 2012 WL 1945144, at *7 ("The Court gives weight to the belief of experienced counsel that a settlement is in the best interests of the class.")). Accordingly, the Court gives deference to counsel's belief that the Settlement Agreement is fair and reasonable and finds that this factor weighs in favor of approving the

Settlement Agreement.

6. *Reaction of Absent Class Members*

As the parties note, the sixth reasonableness factor is not relevant to this action, as Plaintiff amended the Complaint to remove all class or collective action claims, and the Settlement Agreement only resolves Plaintiff's individual claims.

7. *Public Interest*

The final factor the Court must consider is whether the public interest would be served by settlement. Because the parties' Settlement Agreement would end potentially long and protracted litigation, the Court finds that this factor weighs in favor of approval. *Kritzer*, 2012 WL 1945144, at *8. ("While this case is not of general public interest, the public interest in favoring settlement certainly applies here, as the proposed settlement ends potentially long and protracted litigation."). As the Court noted in *Kritzer*, there is a "public interest favoring settlement . . . as the proposed settlement ends potentially long and protracted litigation." *Id.* at *6 (citing *In re Broadwing*, 252 F.R.D. at 369). The public interest is served where a settlement "provides relief to the class members, avoids further litigation, and frees the Court's judicial resources." *Mullins v. Southern Ohio Pizza*, No. 1:17-cv-426, 2019 WL 275711, at *3 (S.D. Ohio Jan. 18, 2019). Accordingly, this factor also weighs in favor of settlement approval.

In sum, the Court finds that the balance of the seven reasonableness factors weighs in favor of approving the Settlement Agreement.

**B.    Attorneys' Fees and Costs**

Finally, the Settlement Agreement provides that Defendants shall pay $6,875.00 to Plaintiff "as attorneys' fees and costs." (ECF No. 18-1 at PAGEID # 121.) Such an award of attorneys' fees must be reasonable, however, meaning it must be "one that is adequate to attract

competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (internal quotation marks and citations omitted). There are two methods for determining whether a fee is reasonable: the percentage-of-the-fund method and the lodestar method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both methods. *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993).

When using the percentage-of-the-fund method, courts in this Circuit generally approve of awards that are one-third of the total settlement. *See, e.g.*, *Rotuna v. W. Customer Mgmt. Grp., LLC*, 4:09-cv-1608, 2010 WL 2490989, at *8 (N.D. Ohio Jun. 15, 2010) (approving attorneys' fees in the amount of one-third of the settlement fund). The lodestar figure represents the number of hours spent multiplied by reasonable rates. *Reed*, 179 F.3d at 471. Although not mandatory, courts frequently cross-check counsel's request for percentage-of-the-fund awards against the lodestar. *Van Horn*, 436 F. App'x at 501. A district court has discretion to select which method is appropriate in light of the "unique characteristics of class actions in general, and of the unique circumstances of the actual case[] before them." *Id.* That said, "[a]bsent compelling reasons to the contrary, this Court prefers the percentage-of-the-fund method, as it best reflects FLSA's employee-protection objective." *Allen v. Shamrock Towing, Inc.*, No. 2:22-CV-1948, 2023 WL 5588617, at *5 (S.D. Ohio Aug. 29, 2023).

Against this background, the parties acknowledge these two alternative approaches in the subject Motion, but they decline to direct the Court towards one approach over the other. (*See* ECF No. 18 at PAGEID ## 116-118.) That said, in an attached Declaration of Jacob A. Mikalov, Esq. (the "Declaration"), Plaintiff's counsel submits that his law firm incurred $7,485.60 in fees

9

for 24.002 hours[3] of work. (ECF No. 18-3 at PAGEID # 134.) Plaintiff's counsel makes no effort, however, to show how such fees – or such hours expended – are reasonable in this instance, instead relying on the fact that the submitted rates "have been approved . . . by courts in the Southern District of Ohio in previous wage and hour actions." (*Id.*)

Given the parties' silence as to why the Court should apply the lodestar method in *this* instance, the Court will rely on the percentage-of-the-fund method. To this end, knowing that courts in this Circuit generally approve of awards amounting to one-third (33.3%) of the total settlement, the Court determines that Plaintiff's counsel is entitled to one-third of the total settlement in this matter, equating to $5,000.00 instead of the agreed amount of $6,875.00 (which equated to over 45% of the total settlement). *Allen.*, 2023 WL 5588617, at *5 (S.D. Ohio Aug. 29, 2023) ("Given that courts in this Circuit generally approve of awards amounting to one-third of the total settlement, this Court determines that Plaintiffs' counsel is entitled to one-third of the total settlement in this matter.") (citing *Rotuna*, 2010 WL 2490989, at *8). In reaching this conclusion, this Court does not question the time and labor counsel expended in handling this matter. *Id.* Rather, this conclusion is based on both "the inherent nature of FLSA settlements, which tend to provide significant compensation to counsel rather than to the injured," together with counsel's failure in the subject briefing to support any award under the lodestar method. *Id.*

---

[3] Plaintiff's counsel also attached billing records to the Declaration, but the documentation provided only corroborates 24.0 hours of work, which is 0.002 hours less than what counsel repeatedly claimed. (ECF No. 18-3.) It is unclear, but ultimately irrelevant, on what basis counsel claimed to have worked 0.002 hours, which amounts to 7.2 seconds of work – except to the extent that it artificially inflated the requested fees by $0.60. Additionally, several of the attached billing entries are obscured or appear to be missing altogether, making it impossible for the Court to determine whether many of the charges are reasonable. (*Id.*) The Declaration is therefore only marginally helpful, as it seems to raise nearly as many questions as it answers.

Accordingly, the Settlement Agreement is **MODIFIED** so that Plaintiff's counsel shall receive **FIVE THOUSAND DOLLARS ($5,000.00)** as attorneys' fees and costs, rather than the Six Thousand Eight Hundred Seventy-Five Dollars ($6,875.00) set forth in Paragraph 2(c) of the Settlement Agreement. (*See* ECF No. 18-1 at PAGEID # 121.) Defendants shall pay the remaining **ONE THOUSAND EIGHT HUNDRED AND SEVENTY-FIVE DOLLARS ($1,875.00)** to Plaintiff, so that Plaintiff receives a total of **TEN THOUSAND DOLLARS ($10,000.00)** under the Settlement Agreement.

### III.  CONCLUSION

In sum, the balance of the relevant factors weighs in favor of approving this settlement. The Court finds the settlement reflects a reasonable compromise over issues and therefore is fair and reasonable. *See Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) ("If a settlement in an employee FLSA suit reflects 'a reasonable compromise issues', such as FLSA coverage and/or computation of back wages that are 'actually in dispute,' the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'") (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Accordingly, the Court **GRANTS** the Joint Motion for Approval of Settlement, ECF No. 18, **APPROVES WITH MODIFICATIONS** the Settlement and Release Agreement, ECF No. 18-1, and **ORDERS** that this case be **DISMISSED WITH PREJUDICE**. This Court shall retain jurisdiction over this matter for the purpose of enforcing the Settlement and Release Agreement. The Clerk is **DIRECTED** to enter judgment and close this case.

Finally, given the above rulings, the parties' Joint Motion to Stay Pretrial Order, ECF No. 22, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: October 13, 2023              /s/ *Elizabeth A. Preston Deavers*
                                                       **ELIZABETH A. PRESTON DEAVERS**
                                                       **UNITED STATES MAGISTRATE JUDGE**